Dear Delegate Getty:
You have requested our opinion about a public school's obligation to notify the parents of a student when it learns of a potential romantic relationship between a teacher and a student. Specifically, you ask whether a school system is required to notify the parents of a student under these circumstances and, if so, whether it must do so within a particular time frame. You also ask whether the legal obligations of the school system are affected if the student is 18 years of age or older.
Our opinion is as follows: If the situation involves an investigation of alleged child abuse by a teacher, the parents should be told of the situation within 24 hours. The responsibility for notification, however, lies with the local department of social services ("local department") or the police department, not the school system. If there is no issue of child abuse, a school system may notify parents of the observed circumstances concerning the student's behavior or other student-oriented information, without, however, disclosing information from the teacher's personnel record. These conclusions apply whether or not the student has reached the age of 18.
 I Background
According to press accounts, two years ago a custodian at a high school in Carroll County saw a female student and a male teacher together one evening at the school. The custodian was sufficiently concerned about the situation to notify the principal. Apparently, the school system investigated to determine whether the teacher had violated school system policies prohibiting inappropriately personal relationships between teachers and students. The parents of the student were not promptly notified of the custodian's observation or of the school system's response.
When the parents later found out about the incident, they expressed deep concern to the Board of Education of Carroll County that they had not been promptly notified. As the board undertook a revision of its policy on teacher-student relationships, the issue of parental notification took on greater significance. Your opinion request seeks clarification of the circumstances under which State law requires or authorizes parents to be notified of an incident evidencing what may be their child's inappropriate relationship with a teacher.
 II Parental Notification of Child Abuse Allegations
If the nature of a relationship between a teacher and a student causes an observer to have "reason to believe that a child has been subjected to . . . abuse . . .," the observer has a legal duty to report the incident to the local department of social services or a law enforcement agency. §§ 5-704 and 5-705 of the Family Law ("FL") Article, Maryland Code.[1] "Abuse" includes "sexual abuse of a child. . . ." FL, § 5-701(b)(2). A "child" is an individual under the age of 18. FL, § 5-701(d).[2]
As we wrote in a lengthy opinion some years ago, the primary responsibility for investigating alleged child abuse by a school system employee is that of the local department and the police. 76 Opinions of the Attorney General ___ (1991) [Opinion No. 91-056 (December 17, 1991)]. Although a school system may conduct its own internal personnel investigation of alleged child abuse by an employee, it may do so only under limitations intended to assure the primacy of the investigation by the local department and the police. Opinion No. 91-056, at 2-3. Among other things, we advised that the school system should not "interview the victim of the alleged abuse, the alleged abuser, or any potential witness without the prior consent of the local [department] or the police." Opinion No. 91-056, at 3. We also advised the school system to "keep confidential any information about the alleged child abuse that it learns during the course of its internal investigation." Id.
Although the school system should not disclose to parents information that it may have learned about alleged child abuse by a teacher, notification to the parents will occur by different means. Under FL, § 5-706(b)(2), within 24 hours after receiving a report of abuse, the local department or law enforcement agency must "attempt to have an on-site interview with the child's caretaker." This interview would undoubtedly entail disclosure about the incident between teacher and student that gave rise to the investigation.
A child abuse investigation may concern a student who, at the time of the investigation, is 18 years of age or older. In 78Opinions of the Attorney General ___ (1993) [Opinion No. 93-049 (December 3, 1993)], we concluded that the child abuse reporting law applied whenever there was reason to believe that child abuse had occurred in the past, even if, when the incident came to light, the alleged victim was no longer a child. Thus, even if a student is 18 years of age or older, the conclusion stated above that responsibility for discussing the situation with the parents rests with the local department or law enforcement agency, not the school system — would apply.
 III Parental Notification Apart From Child Abuse Allegations
Under some circumstances, contact between a teacher and a student may not give rise to reason to believe that abuse has occurred but might be grounds for discipline of the teacher. For example, as noted in Part I above, the Carroll County school system has a policy prohibiting inappropriately personal relationships between teachers and students, even if the relationship is not sexual.
If no investigation of alleged child abuse is under way, the school system is not constrained by the considerations discussed in Part II above. A school system, however, does not have unfettered discretion to disclose information about its investigation of an inappropriate relationship between a teacher and a student. Rather, any disclosures must be tailored to comply with a statutory prohibition against disclosure "of a personnel record of an individual." § 10-616(i)(1) of the State Government ("SG") Article. The text of this prohibition is as follows:
 (1) Subject to paragraph (2) of this subsection, a custodian shall deny inspection of a personnel record of an individual, including an application, performance rating, or scholastic achievement information.
(2) A custodian shall permit inspection by:
(i) the person in interest; or
 (ii) an elected or appointed official who supervises the work of the individual.
"The obvious purpose of [SG, § 10-616(i)] is to preserve the privacy of personal information about a public employee that is accumulated during his or her employment." 65 Opinions of theAttorney General 365, 367 (1980). See also 68 Opinions of theAttorney General 335, 338 (1983). The term "personnel records," we have explained, includes "not only the papers contained in the employee's official personnel file . . . but also papers relating to a personnel matter in the hands of an authorized custodian. . . . No custodian may permit access to such records other than to a person or persons permitted access by law." 78 Opinions of theAttorney General ___ (1993) [Opinion No. 93-048, at 3 (November 18, 1993)]. In that opinion, we concluded that a complaint of improper behavior lodged against employees of a court clerk's office was a "personnel record" that could not be made public. That conclusion applies squarely here. A school system may not disclose to parents the contents of a teacher's "personnel record."
Despite its breadth, the prohibition against disclosure of "personnel records" does not block all disclosure. First, the term "record" is limited to "documentary material." SG, § 10-611(f)(1).[3] First-hand observations, by contrast, are not "records." As we pointed out in another opinion, "observable facts that exist independently of . . . a `record . . .'" were not within the scope of a statute prohibiting disclosure of certain juvenile "records." 78 Opinions of the Attorney General ___ (1993) [Opinion No. 93-038, at 4 (September 24, 1993)]. Therefore, a school system has the discretion to tell parents what observers have seen or heard about a student's behavior, including observed behavior involving a teacher. This is not disclosure of a "personnel record," even if the observations are subsequently reduced to writing and become a "record."[4] A school system might, for example, establish a procedure requiring an immediate oral report to a school administrator of any apparent violation of the policy barring intimate relations between a teacher and a student. Assuming that the report does not suggest possible child abuse, the administrator may then notify the parents of the report, because the information about their child undoubtedly would be important to the parents. This procedure would be separate from any process oriented toward potential employee discipline and would not involve disclosure of the contents of a "personnel record."
Second, even after a school system receives or creates "documentary material" that would be, under the law, a confidential "personnel record," the school system may still have discretion to disclose some information to parents. If, for example, a school system receives information about a student during the course of a personnel investigation of a teacher, the school system may disclose that student-related information, so long as it preserves the confidentiality of employee-related information derived from a "personnel record."
We acknowledge that these distinctions — between an oral report and a written one, and between student-related and employee-related information — seem artificial and may be hard to administer. Nevertheless, they are distinctions intended to reconcile, as best we can, the prohibition on disclosure of "personnel records" and the need to preserve as wide a zone of discretion for school officials as possible.
A school system has "a special duty to exercise reasonable care to protect a pupil from harm." Lumsford v. Board of Educ.280 Md. 665, 676, 374 A.2d 1162 (1977). See also Collins v. Boardof Educ., 48 Md. App. 213, 218, 426 A.2d 10 (1981) (school authorities have a common law duty, "as the temporary custodian of children, to exercise reasonable care for their protection"). A student's involvement in an inappropriately personal relationship with a teacher may foreshadow sexual involvement or some other serious situation requiring swift parental intervention to protect the student from psychological or physical harm. Cf. Eisel v.Board of Educ., 324 Md. 376, 597 A.2d 447 (1991) (duty to inform parents of report of student's suicidal statements). Despite the barrier of the "personnel records" confidentiality law, a school system does have room to make the disclosures that will help safeguard children.[5]
 V Conclusion
In summary, our opinion is as follows:
1. If there is reason to believe that a child has been subjected to child abuse by a teacher, the school system should not notify the parents. The local department or law enforcement agency is responsible for doing so.
2. If there has been no allegation of child abuse but instead a report suggesting an inappropriately personal relationship between a teacher and a student, the school system may provide immediate notice to parents of observed behavior involving the student or other student-oriented information. The school system, however, may not disclose the contents of documents created or received in the course of a personnel investigation of the teacher or other personnel records pertaining to the teacher.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions and Advice
[1] FL, § 5-704 is applicable to "educators," among other professionals.
[2] A general account of the circumstances under which a teacher may be charged with child abuse may be found in 82Opinions of the Attorney General ___ (1997) [Opinion No. 97-017 (August 19, 1997)].
[3] The opinion about the clerk's office employees, for example, concerned written documentation of allegedly improper conduct. Opinion No. 93-048, at 2-3.
[4] The definition of "education records" in the federal Family Educational Rights and Privacy Act of 1974 likewise focuses on documentary material maintained by a school. See20 U.S.C. § 1232g(a)(4)(A). See generally Belanger v. Nashua, New HampshireSchool Dist., 856 F. Supp. 40, 49 (D.N.H. 1994) (reciting legislative history). In any event, parents have a right of access to their child's education records, at least if the child is under 18 years of age. See 20 U.S.C. § 1232g(b)(1)(H) and (d).
[5] In exceptional cases, a school system's common law duty to protect a student from harm might even require disclosure to parents of information derived from a "personnel record." Disclosure, under those circumstances, might well be viewed by the courts as "otherwise provided by law." SG, § 10-616(a). In an opinion that necessarily is limited to general guidance, however, we cannot speculate about the particular circumstances that might justify this additional degree of disclosure.
 *Page 72